IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ike T. Rutledge, #300604, *a/k/a Ike Terrell Rutledge, formerly #1375888*, | ) Civil Action No.: 4:11-272-MGL ) ) ) |
| Plaintiff, | ) **O R D E R** ) |
| v. | ) ) |
| Officer Porter, | ) ) |
| Defendants. | ) |

Plaintiff Ike T. Rutledge ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on February 3, 2011, alleging violations of his constitutional rights. (ECF No. 1.) At the time of the underlying events, Plaintiff was housed at the Charleston County Detention Center. This matter is now before the court upon the Magistrate Judge's Report and Recommendation filed on October 19, 2012, recommending this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to prosecute the case. (ECF No. 53.) More specifically, Plaintiff has failed to comply with this Court's Order of September 11, 2012, (ECF No. 48) directing Plaintiff to respond to Defendants' Motion for Summary Judgment filed on September 10, 2012. (ECF No. 47.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions.

28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 53-1.) However, he has not done so and objections were due on November 5, 29012. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 8, 2012